UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**
MAY 31 2007
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

RACHEL LYNN TALBERT,

    Petitioner,

v.

CLARICE STOVALL,

    Respondent,

                         /

CASE NO. 06-CV-12254
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER GRANTING EVIDENTIARY HEARING ON THE PETITION FOR WRIT OF HABEAS CORPUS AND APPOINTING COUNSEL

Rachel Lynn Talbert, ("petitioner"), presently confined at the Scott Correctional Facility in Plymouth, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which she challenges her conviction for conspiracy to commit murder, M.C.L.A. 750.157a; M.S.A. 28.354(1). For the reasons stated below, the Court will **GRANT** an evidentiary hearing with respect to petitioner's claim that her plea of guilty was coerced. The Court further orders that counsel shall be appointed to represent petitioner at this evidentiary hearing. The Court further orders that counsel shall submit a supplemental brief in support of petitioner's claims within sixty days of this order.

### I. Background

Petitioner was originally charged with open murder and conspiracy to commit murder. On May 22, 2003, petitioner pleaded guilty to conspiracy to

1

commit murder, in exchange for the prosecutor's agreement to dismiss the open murder charge. On June 20, 2003, petitioner was sentenced to a parolable life sentence.

Petitioner subsequently moved to withdraw her guilty plea, on the ground that the plea was not knowingly, intelligently, or voluntarily made. On July 19, 2004, the trial court denied the motion, without taking any testimony from petitioner or any other witness.

Petitioner's conviction was affirmed on appeal. *People v. Talbert*, No. 257262 (Mich.Ct.App. October 28, 2004); *lv. den.* 472 Mich. 940, 698 N.W.2d 398 (2005). Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> Did the trial court abuse its discretion in denying defendant's motion to withdraw her plea when defendant was under duress at the time of the plea and the factual basis for the plea was insufficient to support a conviction for conspiracy to commit murder?

## II. Discussion

Petitioner claims that her guilty plea was involuntary because it was made under duress, because she claims that she was informed by her co-defendant and brother Keith Lord prior to the plea that she needed to take responsibility for the murder or she would be killed. Petitioner also claims that there was an insufficient factual basis for the trial court to accept the plea.

Under *Boykin v. Alabama*, a plea must be both voluntary and intelligent. 395 U.S. 238, 242 (1969). It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.*

A federal court must grant an evidentiary hearing to a habeas corpus applicant if:

> (1) the merits of the factual dispute were not resolved in a state hearing;
> (2) the state factual determination is not fairly supported by the record as a whole;
> (3) the fact finding procedure in state court was not adequate to afford a full and fair hearing;
> (4) there is a substantial allegation of newly discovered evidence;
> (5) material facts were not adequately developed at a state court hearing; or
> (6) for any reason it appears that state trier of fact did not afford applicant a full and fair fact hearing.

*Townsend v. Sain*, 372 U.S. 293, 313 (1963); 28 U.S.C.A. § 2243.

Petitioner has made specific allegations in this case that her plea of guilty

3

was involuntarily made as a result of threats and coercion from her co-defendant and brother. These allegations have never been adequately resolved in the state courts.

A habeas petitioner is entitled to an evidentiary hearing, where the petitioner's factual allegations raise substantial questions about whether the petitioner's guilty plea was a knowing, intelligent, and voluntary act. See *Flippins v. United States*, 747 F. 2d 1089, 1092 (6th Cir. 1984); *Ward v. Wingo*, 456 F. 2d 249, 250 (6th Cir. 1972); *Kott v. Green*, 387 F. 2d 136, 137 (6th Cir. 1967). Because petitioner's allegations raise a substantial question about whether she was coerced into pleading guilty as a result of her co-defendant's threats, an evidentiary hearing shall be conducted in this matter.

The Court will also grant an evidentiary hearing to petitioner, because respondent has not opposed an evidentiary hearing in her original response to the habeas petition. *United States ex. rel. Felder v. Gramley*, 893 F. Supp. 768, 774 (N.D. Ill. 1995).

Because this Court is ordering an evidentiary hearing, counsel will be appointed for Petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B) and 28 U.S.C. § 2254 Rule 8(c). Appointment of counsel in a habeas proceeding is mandatory if the district court determines that an evidentiary hearing is required. See *Lemeshko v. Wrona*, 325 F. Supp, 2d 778, 787 (E.D. Mich. 2004). Counsel may

also be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

The Court will also order petitioner's counsel to file a supplemental brief on the issue of whether petitioner's guilty plea should be set aside within sixty days of this order.

### III. ORDER

Based upon the foregoing, IT IS ORDERED that an evidentiary hearing shall be conducted on petitioner's claim that her guilty plea was coerced.

IT IS FURTHER ORDERED that counsel shall be appointed to represent petitioner.

IT IS FURTHER ORDERED that counsel shall file a supplemental brief in support of petitioner's claim within sixty days of this order.

HON. ARTHUR J. TARNOW
UNITED STATES DISTRICT COURT

Dated: **MAY 3 1 2007**

PURSUANT TO RULE 77(d), FRCivP COPIES HAVE BEEN MAILED TO ALL ATTORNEYS FOR ALL PARTIES ON May 31, 2007.

Cathie O. Pickles
DEPUTY CLERK