UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHEL LYNN TALBERT,

    Petitioner,

v.

CASE NO. 2:06-CV-12254
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

CLARICE STOVALL,

    Respondent,
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Rachel Lynn Talbert, ("petitioner"), confined at the Scott Correctional Facility in Plymouth, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her application, filed both *pro se* and supplemented by counsel, petitioner challenges her conviction for conspiracy to commit murder, M.C.L.A. 750.157a. For the reasons stated below, the petition for writ of habeas corpus is **DENIED**.

### I. Background

Petitioner was originally charged with open murder and conspiracy to commit murder.[1]

On May 22, 2003, petitioner pleaded guilty to conspiracy to commit murder, in exchange for the prosecutor's agreement to dismiss the open murder charge. Prior to accepting the plea, the judge advised petitioner of the charges that she faced and the possible penalties for each charge. The judge advised petitioner of the rights that she

---

[1] Under Michigan law, the crime of open murder gives a circuit court jurisdiction to try a defendant on first and second degree murder charges. *Williams v. Jones,* 231 F. Supp. 2d 586, 589 (E.D. Mich. 2002)(*citing* Mich. Comp. Laws §§ 750.316, 750.318).

would give up by pleading guilty. Petitioner stated that she understood that she would be giving up these rights. The terms of the plea agreement were placed on the record. Petitioner told the court that she was pleading guilty voluntarily. The trial court and defense counsel engaged in a lengthy colloquy with petitioner, in which she established a factual basis for the conspiracy to commit murder charge.

On June 20, 2003, petitioner was sentenced to a parolable life sentence. Petitioner subsequently moved to withdraw her guilty plea, on the ground that the plea was not knowingly, intelligently, or voluntarily made. On July 19, 2004, the trial court denied the motion.

Petitioner's conviction was affirmed on appeal. *People v. Talbert,* No. 257262 (Mich.Ct.App. October 28, 2004); *lv. den.* 472 Mich. 940, 698 N.W.2d 398 (2005).

On May 18, 2006, petitioner filed a petition for writ of habeas corpus on the following ground:

> Did the trial court abuse its discretion in denying defendant's motion to withdraw her plea when defendant was under duress at the time of the plea and the factual basis for the plea was insufficient to support a conviction for conspiracy to commit murder?

On May 31, 2007, the Court ordered an evidentiary hearing on the first part of petitioner's claim and appointed counsel.

On May 5, 2009, petitioner, through her attorneys, moved to withdraw the first part of her claim involving her allegation that her plea had been coerced as a result of threats made by her co-defendant to kill her if she did not accept the plea. Petitioner also withdrew her request for an evidentiary hearing, claiming that the remainder of her claim was legal in nature and could be decided on the existing record. On May 12,

2009, a supplemental brief was filed on petitioner's behalf with respect to the remainder of her claim.

## II.  Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

However, when a state court fails to adjudicate a habeas petitioner's claim on the merits, as was the case here, federal habeas review is not subject to the deferential standard contained in § 2254(d) and a federal court is required to review the

3

petitioner's claim *de novo. See Cone v. Bell,* ---- U.S.----, 2009 WL 1118709, * 12 (U.S. April 28, 2009).

### III.  Discussion

Petitioner claims that there was an insufficient factual basis for the trial court to accept the plea.

Petitioner has no federal constitutional right or absolute right under state law to withdraw her guilty plea. *See Adams v. Burt,* 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007).  Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty plea is discretionary with the state trial court. *See Hoffman v. Jones,* 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001).

In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991).  The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994).  When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993).  The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness.  Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*  A federal court will uphold a state court guilty plea if the circumstances

demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty. *Hoffman,* 159 F. Supp. 2d at 655-56.

In the present case, the trial court advised petitioner of the rights that she would be relinquishing by pleading guilty. Petitioner admitted that she was aware or her constitutional rights and chose to plead guilty. Petitioner denied that any other promises or threats had been made to induce her plea of guilty. The transcript and the colloquy clearly establish that petitioner's plea of guilty was entered knowingly and voluntarily.

There is no federal constitutional requirement that a factual basis be established to support a guilty plea. See *Roddy v. Black,* 516 F. 2d 1380, 1385 (6th Cir. 1975); See also *Holtgreive v. Curtis,* 174 F. Supp. 2d 572, 582 (2001). Although M.C.R. 6.302(D)(1) requires that a factual basis must be elicited from a defendant prior to accepting his or her guilty plea, no federal constitutional issue is raised by the failure of a Michigan trial court to comply with a state law or court rule concerning establishing the factual basis of a guilty plea. *Holtgrieve,* 174 F. Supp. 2d at 582. "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning,* 69 F. 3d 107, 111 (6th Cir. 1995). Petitioner's claim that the trial court failed to establish a sufficient factual basis to support her guilty plea does not provide a basis for federal habeas relief, because there is no federal constitutional requirement that a factual basis supporting a guilty plea be established, or that the defendant admit factual guilt, so long as the plea is intelligently and voluntarily made. *Holtgreive,* 174 F. Supp. 2d at

583; *See also Coddington v. Langley,* 202 F. Supp. 2d 687, 702 (E.D. Mich. 2002); *rev'd on other grds,* 77 Fed. Appx. 869 (6th Cir. 2003).

More importantly, there was a sufficient factual basis made out at the guilty plea to support petitioner's conviction. Under Michigan law, a conspiracy is defined as "a mutual agreement or understanding, express or implied, between two or more persons to a commit a criminal act." *Cameron v. Birkett,* 348 F. Supp. 2d 825, 839 (E.D. Mich. 2004)(*quoting People v. Carter*, 415 Mich. 558, 567; 330 N.W.2d 314 (1982)). "[A] two-fold specific intent is required for conviction: intent to combine with others, and intent to accomplish the illegal objective." *Carter*, 415 Mich. at 568.

To prove the offense of conspiracy to commit murder, it must be demonstrated that each conspirator had the requisite intent to commit the murder. *People v. Hamp,* 110 Mich. App. 92, 103; 312 N. W. 2d 175 (1981). Thus, the prosecutor must prove that the conspirators deliberated and planned the crime with the intent to kill the victim. *Id.*

At the time of her plea, petitioner informed the court that she had asked her brother to murder her father-in-law, because she believed that he had molested her daughter. Petitioner informed the court that she was angry enough to kill her father-in-law herself. Petitioner helped move her brother into the house where she was living with her father-in-law with the knowledge that her brother was going to kill him. On the night of the murder, petitioner's brother asked petitioner and her cousin to leave the house so he could kill petitioner's father-in-law. Earlier in the evening, petitioner's brother had indicated that he was going to beat the victim, but later informed petitioner that he was going to shoot him. Petitioner was aware that her brother had two knives

6

and a gun at the house.  Petitioner and her cousin returned to the home and learned that her brother had not yet killed the victim.  Petitioner observed her brother kneeling down by the victim's bedroom door.  Petitioner's brother told her to close her door.  Petitioner heard her father-in-law ask her brother what he was doing in his room.  Petitioner then heard a gunshot.  After hearing the gunshot, petitioner, her brother, and their cousin went to a restaurant to get something to eat.  Petitioner then drove her brother back to the house, knowing that "he wanted to go finish him off," i.e. make sure that the victim was dead.  Petitioner's brother was inside the house two hours, before exiting with a bloody knife and gloves.  Petitioner's brother later informed her that he had slit the victim's neck.

In light of the foregoing record, a sufficient factual basis existed to support petitioner's conspiracy to commit murder conviction.  Petitioner is not entitled to habeas relief on her claim.

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  May 21, 2009


I hereby certify that a copy of the foregoing document was served upon counsel of record on May 21, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary